IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
JOSE MARRERO NARVAEZ,                    :       Case No. 02-5917 (GAC)
MARIA HERNANDEZ RODRIGUEZ,               :
                                        :
          Debtor                        :       Chapter 13
_____:
                                        :
JOSE MARRERO NARVAEZ,                    :
MARIA HERNANDEZ RODRIGUEZ,               :
                                        :
                                        :
          Plaintiff,                    :
                                        :
          v.                            :       Adv. No. 05-00039
                                        :
FRANCISCO M. DEL RIO REY,                :
                                        :
          Defendant                     :
_____:

<u>DECISION AND ORDER</u>

<u>BACKGROUND</u>

The debtors filed this adversary proceeding seeking the turn over of property and damages for breach of contract. The parties filed cross-motions for summary judgment. For the reasons set forth below, the debtors' cross motion for summary judgment will be granted, in part.

A commercial real property owned by the debtors was sold to Francisco Del Rio Rey ("Del Rio") during the bankruptcy proceeding with the Court's authorization. There were liens on the property in favor of Banco Santander, IRS, CRIM and a third party. Santander's secured claim was paid through the sale. The lien in

1

favor of the third party was inscribed post-petition and has been cancelled pursuant to an adversary proceeding challenging the validity of the lien (Adv. No. 04-259).

The sale incorporated the terms of a Sales Purchase Agreement and indicated that the purchase price was $300,000.  Del Rio made a down payment of $5,600, which included a $1,600 payment to the debtors and $4,000 to the Chapter 13 trustee.  Thereafter, Del Rio paid Banco Santander's secured claim of $110,000 and $47,802.54 to the  Chapter 13 trustee.  Del Rio was to make monthly payments of $2,400.  Del Rio made a payment of $13,800 to the debtors prior to the conveyance deed and of the $2,400 in monthly payments, Del Rio made  payments  of  $33,000.   Thus,  the  total  amount  paid  was $210,202.54 for a remaining balance of $89,797.46.

The purchase was to be free and clear of all liens and the parties agreed in the Sales Purchase Agreement that funds would be escrowed for the payment of debts to the IRS and CRIM.  Del Rio retained in escrow $12,935.67, for a debt owed by the debtors to the IRS and $23,800.27, for a debt owed by the debtors to CRIM, for a total of $36,735.94.  The Sales Purchase Agreement referenced this federal attachment in the amount of $12,935.67 and unpaid property taxes in the amount of $23,800.27.  The Purchase and Sale Option Agreement and the Sales Purchase Agreement also specifically provided that sellers would be held liable for any debt for which the real property was liable.   Del Rio was authorized by these

agreements to pay any other balance for any other debt in existence on the property, object of the purchase-sale.

The actual certifications obtained from CRIM and the IRS are in the amounts $23,800.27 and $26,380.23, respectively. The evidence clearly demonstrates that the debtors agreed to the payment of these sums, although now they argue that they only agreed to the amount of $12,935.67 to the IRS, which was the amount escrowed for the IRS. The official checks from Banco Popular, dated February 25, 2004, show that CRIM was paid the amount of $24,588 and the IRS was paid the sum of $26,380.23. Likewise, the tax certification from the IRS shows that on March 9, 2004, the IRS received a check totaling $26,380.23 to fully pay the balance owed by the debtors to the IRS for the release of the tax lien.

Thus, the Court concludes that Del Rio owed the remaining balance of $89,797.46, less the authorized payment of the debts to CRIM and the IRS, $24,588 and $26,380.23, respectively, for a total remaining balance of $38,829.23. The Court further concludes that Del Rio breached the agreement by failing to pay the $38,829.23. Final payment was due in November of 2006. Accordingly, the debtors will be awarded $38,829.23, plus legal interest since the default on May 8, 2004.

ORDER

WHEREFORE IT IS ORDERED that the debtors' opposition to the defendant's motion for summary judgment and the debtors' cross-motion for summary judgment is granted, in part. The defendant, Francisco M. Del Rio Rey, is liable to the debtors for the amount of $38,829.23, plus legal interest since his default on May 8, 2004, for his breach of contract.

SO ORDERED.

San Juan, Puerto Rico, this 13th day of November, 2008.


BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge