IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                      :
                                            :
JOSE MARRERO NARVAEZ,                        :        Case No. 02-5917 (GAC)
MARIA HERNANDEZ RODRIGUEZ,                   :
                                            :
        Debtor                               :        Chapter 13
_____:
                                            :
JOSE MARRERO NARVAEZ,                        :
MARIA HERNANDEZ RODRIGUEZ,                   :
                                            :
                                            :
        Plaintiff,                           :
                                            :
        v.                                    :        Adv. No. 05-00039
                                            :
FRANCISCO M. DEL RIO REY,                    :
                                            :
        Defendant                            :
_____:

DECISION AND ORDER

The Court issued a Decision and order on November 13, 2008 granting the debtors' cross-motion for summary judgment in part (dkt. #134).  The Court held the defendant, Francisco M. Del Rio Rey ("Del Rio"), liable to the debtors for the amount of $38,829.23, plus legal interest since his default on May 8, 2004, for breach of contract.  Judgment was entered on December 3, 2008 (dkt. #137).

On December 11, 2008, the debtors filed a motion to alter or amend the judgment (dkt. #140).  The debtors allege that the Court erred in concluding that the IRS received payment of $26,380.23,from Del Rio on behalf of the debtors for the release of

1

a tax lien. The debtors indicate that they do not challenge the fact that on February 25, 2004, Del Rio debited the amount of $26,380.23 from the Manati Branch of Banco Popular, but contend that there is no evidence on the record to establish that the IRS received the funds. The debtors also indicate that on November 18, 2008, after learning of the Court's order, they requested a certification of the balance owed to the IRS and were informed that they owe $28,772.61, which is very close to the amount allegedly paid by Del Rio.

After seeking extensions of time to reply, Del Rio opposed the motion to alter or amend the judgment (dkt. #149). Del Rio indicates that the payment was made to the IRS pursuant to a electronic debit and manager's check and points to the IRS tax certification, which shows that on March 9, 2004, the IRS received a check totaling $26,380.23 to fully pay the balance owed to the IRS and to release the tax lien on property.

### DISCUSSION

The debtors seek to alter or amend the judgment pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable. This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). In seeking reconsideration under Federal Rule of Civil Procedure 59(e), "the moving party must 'either clearly establish a manifest

error of law or must present newly discovered evidence.'" <u>Marie v.</u>
<u>Allied Home Mortgage Corp.</u>, 402 F.3d 1, 7 n. 2 (1st Cir.
2005)(*quoting* <u>Pomerleau v. W. Springfield Pub. Sch.</u>, 362 F.3d 143,
146 n. 2 (1st Cir. 2004)).  In <u>Marie</u>, the First Circuit also cited
a leading treatise, noting four grounds for granting a motion for
reconsideration under Federal Rule of Civil Procedure 59(e).  These
are "manifest errors of law or fact, newly discovered or previously
unavailable evidence, manifest injustice, and an intervening change
in controlling law." <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F.3d
at 7 n. 2 (citing 11 C. Wright et al., *Federal Practice & Procedure*
§ 2810.1 (2d ed.1995)).

The debtors claim that the alleged payment made to the IRS was
never in fact made, or that if it was made, it was not applied to
the debtors' account.  They indicate that there is no evidence
that the IRS received the funds.

The Court concludes that irrespective of the alleged IRS
payoff calculator attached to the debtors motion to alter or amend
judgment, the Court had convincing evidence before it that payment
was made to the IRS on the debtor's behalf.  The IRS lien serial
number on the property purchased by Del Rio was 660238466.  The
attachment was issued against Jose Dolores Marrero Narvaez, with
the last four digits of his Social Security Number being 0281.  See
dkt. #69, Exhibit 4, p. 5.  After Del Rio paid the balance to the
IRS to obtain release of the tax lien, he obtained a tax

certification for tax period 1987-1998, issued by the Department of the Treasury/Internal Revenue Service (dkt. #127, Exhibit B).  The certification indicates that on March 9, 2004, the IRS received a check in the amount of $26,380.23 to pay in full the balance owed by Jose D. Marrero-Narvaez to the IRS.  The letter refers to release of a federal tax lien with serial number 660238466, and indicates how the funds were distributed.  The letter also indicates that the last four digits of the Social Security Number to which the funds were applied are 0281, which is the same as those of the debtor included in the deed.  The Court notes that the payoff calculator included by the debtor in the motion to alter or amend, includes a different taxpayer number than that used in the tax certification issued by the IRS and than that used by the debtor in the filing of the bankruptcy petition.

The Court concludes that Del Rio presented convincing evidence that the funds debited from his account were paid to the IRS for the release of the tax lien that the debtor had on the property sold to Del Rio.  Accordingly, the debtors' motion to alter or amend the judgment will be denied.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that the debtors' motion to alter or judgment (dkt. #140) shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 20th day of May, 2009.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge